In the Matter of Melissa **WOODIN,**
**Petitioner, Respondent,**

v.

**Daren J. RASMUSSEN, Appellant.**

**No. C9–89–1997.**

Court of Appeals of Minnesota.

May 22, 1990.

Melissa Woodin, Benson, pro se.

Neil R. Tangen, Starbuck, for appellant.

Considered and decided by FORSBERG, P.J., and LANSING and SCHULTZ,* JJ.

OPINION

HAROLD W. SCHULTZ, Judge.

On October 13, 1989, the trial court issued a domestic abuse protective order re-

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

straining Daren Rasmussen from committing acts of domestic abuse against Melissa Woodin, from going to her home for one year, and granting Melissa temporary custody of her unborn child, both before and after birth. Daren appeals. Because we conclude that the trial court did not have a statutory basis for issuing the domestic abuse protective order, we reverse.

## FACTS

On October 4, 1989, Melissa Woodin filed a petition seeking a domestic abuse protective order under Minn.Stat. § 518B.01 (1988). In her petition, she stated she was pregnant and Daren Rasmussen was the father of her unborn child.

On October 11, 1989, the trial court held a hearing on Melissa's petition. Melissa testified she was 20 years old[1] and lived with her parents. Her testimony indicated she became pregnant in June 1989, and Daren was the father. She stated Daren threatened her with bodily harm and to kill her, making her fearful for herself and her unborn child. Daren was given the opportunity to testify, but he did not.

Melissa said she had one other child, Calvin, who was 16 months old at the time of the hearing, but who was not fathered by Daren. It is undisputed that Melissa and Daren are not related by blood, have never been married, and have never lived together.

The Domestic Abuse Act, Minn.Stat. ch. 518B, provides for protective orders when domestic abuse occurs between "family or household members." The Act defines "family or household members" as:

[S]pouses, former spouses, parents and children, persons related by blood, and persons who are presently residing together or who have resided together in the past, and *persons who have a child in common* regardless of whether they have been married or have lived together at any time.

---

**1.** She is now 21 years old.

Minn.Stat. § 518B.01, subd. 2(b) (emphasis added). The trial court reasoned that a natural extension of the "child in common" requirement would be an unborn child in common. Because Melissa testified Daren was the father of her unborn child, and because Daren did not deny it, the trial court determined Daren to be the father. The trial court concluded that the remaining requirements were satisfied and issued the protective order.

On November 8, 1989, Daren filed a notice of appeal. He challenges the applicability of chapter 518B because he does not agree that an unborn child is a "child in common." The trial court attempted to certify the issue to this court, but it did not comply with the rules regarding certification. Nonetheless, the trial court's order is appealable as a final order.

## ISSUE

Does the trial court have jurisdiction to issue a protective order under Minn.Stat. § 518B.01 when the parties have never been married, have never lived together, have no children in common, yet do have an unborn child claimed to be in common?

## ANALYSIS

Under the Domestic Abuse Act, Minn. Stat. § 518B.01, the trial court may issue a protective order restraining "family or household members" from committing acts of domestic abuse.

"Family or household members" mean spouses, former spouses, parents and children, persons related by blood, and persons who are presently residing together or who have resided together in the past, and *persons who have a child in common* regardless of whether they have been married or have lived together at any time.

Minn.Stat. § 518B.01, subd. 2(b) (emphasis added).

Melissa does not claim that Daren is a family or household member, therefore, Melissa would be afforded the protection of

the Act only if she and Daren have a child in common.

The Domestic Abuse Act does not contain a definition of the word "child." Minn. Stat. ch. 260 (Juvenile Court Act) defines a child as "an individual under 18 years of age." Minn.Stat. § 260.015, subd. 2 (1988). Although other statutes have been enacted that affect unborn children, these statutes specifically designate the inclusion. *See, e.g.,* Minn.Stat. §§ 609.2661(1) and .2662(1) (1988) (the unborn child homicide statutes). Because an "unborn child" in common is not included as one of the relationships which would support issuance of a domestic abuse order, we conclude that the legislature did not intend to extend the protections of the act to these circumstances.

We also note that Minnesota law imposes a specific procedure for determining paternity. *See* Minn.Stat. § 257.34 (1988) (Declaration of Parentage) and Minn.Stat. §§ 257.51–.74 (1988) (Parentage Act). Under Minn.Stat. § 257.57, subd. 5, paternity proceedings are stayed if they are brought before the birth of the child.

In reaching this decision we are not unmindful that the type of continuing contact that accompanies a familial or household relationship may occur when two individuals have an unborn child in common. The legislature may wish to extend the Act to include unborn children in common as a basis for protection under the Act. This, however, is a legislative determination and not an extension which can be reached by judicial interpretation. Despite the inapplicability of the Domestic Abuse Act, persons such as Melissa are not without a remedy when in abusive situations. Melissa can and should avail herself of all the protection afforded by the provisions of the civil and criminal law.

## DECISION

Under the Domestic Abuse Act, Minn. Stat. § 518B.01, persons who are not related by blood, who have never been married, who have never lived together, and who do not have a child in common, are not "family or household members," even though those persons may have an unborn child in common. Because Melissa and Daren did not have a "family or household member" relationship, the trial court did not have jurisdiction to issue a domestic abuse protective order.

Reversed.